## STATE v JACOBS

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3010. Decided Oct. 7, 1939.

W. B. Bartels, Columbus, and Gale R. King, Columbus, for defendant- appellant.

Ralph J. Bartlett, Prosecuting Attorney, Columbus, Daniel S. Webber and Henry L. Holden, Asst. Pros. Attys., Columbus, for plaintiff-appellee.

## OPINION

By HORNBECK, PJ.

Defendant was indicted, tried, found guilty and sentenced for the offense of giving a public exhibition of a lascivious, indecent and immoral nature by causing a female person known as Yvette to give publicly an obscene dance, in which dance Yvette had no clothing covering her body and in such nude condition did knowingly. and wilfully, suggestively twist her torso.

Nine errors are assigned, among which are two, one claiming that the court erred in admitting certain testimony admitted by the state; the other that the court erred in refusing to receive certain evidence offered by the defendant, but we find no predicate for either of these claims. It is fair to say that the only error assigned which requires consideration is that the verdict and sentence were not supported by, and were contrary to, the manifest weight of the evidence.

We have read the record in its entirety and find that there is marked conflict on one factual question only. The State offered but one witness to describe the nature of the dance which Yvette performed in public. This witness testifies that Yvette was nude, with no discernible covering over any part of her body, and that at one place at the end of her dance for an appreciable period of time she stood before her audience stark naked. The State also produced testimony to effect that defendant admitted when she and Yvette were arrested, that she. the defendant, employed Yvette and caused her to do her act on the night when it is alleged the offense was committed. So that at the conclusion of the State's case, although there was a motion for directed verdict, it was properly overruled.

The defense witnesses support in varying degrees the claim of the State that Yvette had no covering over her body. One witness says that she was nude; others says that she had a net over her breasts and private parts, but that the net would conceal the flesh is doubtful. All of the witnesses for the defense, however, insist that Yvette, who was a young woman of small stature, had a huge muff which at all times was used to prevent any indecent exposure of the person of the performer, although all admit that she employed this muff only to cover the front of her body. The defendant insists that the full performance, save only the end of it was completed while Yvette was garbed in a long, black robe which was open only from the knees down, and that when she discarded this garment her body was completely hidden from sight by the muff. In view of the character of the dance as it appears from all other witnesses it taxes human credulity to believe that this narration of the performance was in accord with the facts.

As the trial judge properly said to the jury, it was not necessary that the

dance be lascivious, indecent and immoral, but that any one of these elements, if established by the requisite degree of proof, would support a conviction. We are satisfied that the jury was well within its province in resolving the factual question before them in favor of the State.

Judgment affirmed.

GEIGER and BARNES, JJ., concur.